UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
                                :
CHRISTOPHER RUSSO,              :
                                :
        Plaintiff,              :
                                :
v.                              :    Civ No. 3:03CV01792(AWT)
                                :
CITY OF BRIDGEPORT, et al.,     :
                                :
        Defendants.             :
                                :
--------------------------------x
```

**ENDORSEMENT ORDER**

Defendant City of Bridgeport's Motion for Summary Judgment (Doc. No. 43) is hereby GRANTED for the reasons set forth on the record during oral argument on July 12, 2005.

Defendant Depietro's, Barona's, Sherbo's and Rosa's Motion for Summary Judgment (Doc. No. 46) is hereby GRANTED as to the First Count because, for the reasons set forth on the record during oral argument on July 12, 2005, there was no violation of a constitutional right.[1]  The court declines to exercise

---

[1] Although the court did not specifically address the individual defendants' motion for summary judgment on the grounds of qualified immunity, there were several references during argument to whether their actions were objectively reasonable. So the record is clear, the court notes that were it to reach the question of qualified immunity, it would conclude that the individual defendants are entitled to judgment as a matter of law on that ground, based on their memoranda as supplemented by the additional points made at oral argument.  Also, the court notes that when it made the observation about the significance of the pink towel around the robber's neck, it did not mention the fact that makeup to cover birth marks, tattoos, etc. is readily available and a reasonable officer could consider that fact in

supplemental jurisdiction over the plaintiff's state law claims in the Second, Third and Fourth Counts.  Under 28 U.S.C.A. § 1367(c)(3) (West 1993 & Supp. 2005), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  While dismissal of the state law claims is not mandatory, Rosado v. Wyman, 397 U.S. 397, 403-05 (1970); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon, 484 U.S. at 350 n.7.

    The Clerk shall close this case.

    It is so ordered.

    Dated this 13th day of July 2005, at Hartford, Connecticut.

                                                          /s/
                                                Alvin W. Thompson
                                      United States District Judge

---

evaluating the situation.