UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER RUSSO,                  :
     Plaintiff,                   :
V.                                  :    No. 3:03-CV-1792(RNC)
CITY OF BRIDGEPORT, ET AL.,         :
     Defendants.                  :

RULING AND ORDER

The City of Bridgeport has renewed its motion for summary judgment on plaintiff's <u>Monell</u> claim (Doc. 43). The motion may be granted only if there is no genuine issue as to any material fact and the City is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). For the reasons that follow, the motion is denied.

In essence, the City contends that summary judgment is proper because plaintiff cannot sustain his burden of proving at trial that the City failed to adequately train and supervise its officers with regard to the proper handling of exculpatory evidence and that this failure led to a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 323 (1986)(summary judgment may be granted when the nonmoving party fails to make a sufficient showing on an essential element of a claim with respect to which the nonmoving party will have the burden of proof at trial). In deciding whether the City is correct,

any evidence in the record that tends to support the <u>Monell</u> claim must be credited; evidence opposed to the claim, on the other hand, must be disregarded unless it is undisputed or comes from a neutral source and is uncontradicted and unimpeached. See <u>Reeves v. Sanderson Plumbing Prods., Inc.</u> 530 U.S. 133, 150-51 (2000)(discussing identical standard under Fed. R. Civ. P. 50).

Viewing the record in this manner, the City is not entitled to summary judgment. Plaintiff claims that Officers DePietro and Borona violated his rights under the Fourth Amendment by willfully mishandling and suppressing exculpatory evidence, and that the City's failure to train and supervise these officers caused the violation. The Court of Appeals has determined that evidence in the record would readily support a jury finding of either intentional violation of, or deliberate indifference to, plaintiff's constitutional rights on the part of these two officers. The City has admitted, in response to requests for admissions, that at all relevant times the officers acted in accordance with municipal custom, policy and practice. Given this admission, if a jury were to find one or both of the officers liable for violating plaintiff's constitutional rights, the jury could go on to find that the violation was caused by municipal

2

custom, policy and practice.  Such a finding could result in a jury verdict against the City on the Monell claim, which would have a legally sufficient evidentiary basis to withstand a post-trial motion for judgment as a matter of law under Rule 50.

The City emphasizes that plaintiff has not produced evidence showing the training and supervision Officers DePietro and Borona actually received with regard to the proper handling of exculpatory evidence, nor any evidence showing in what ways the training and supervision was deficient, nor any evidence showing a causal link between a deficiency and the constitutional deprivation. Evidence on these points would be highly desirable from the standpoint of the trier of fact seeking to find the truth of the matter.  But the City's unequivocal admission that the officer's acted in accordance with municipal custom, policy and practice renders such additional evidence unnecessary at this stage.

Moreover, the record contains some additional evidence that a jury could rely on to find in plaintiff's favor on his claim against the City.  Plaintiff points to million dollar jury verdicts, returned before the events at issue here, in cases against Bridgeport and New Haven, in which police officers withheld exculpatory evidence leading to false imprisonment. Plaintiff

3

plausibly argues that these verdicts put the City on notice of a need to provide its police officers with better training and supervision regarding the proper handling of exculpatory evidence. Plaintiff also offers excerpts from the transcript of Officer DePietro's deposition. In these excerpts, Officer DePietro was asked whether, at any time from the day he began his career as a police officer until the day of his deposition, anybody ever told him that if he encountered exculpatory information relating to a pending case he investigated, he had an obligation to inform the prosecution. He answered, "Specifically, no." He was asked whether anybody ever told him there was a state statute that required him to promptly inform the prosecution of exculpatory information. He answered, "Specifically, if somebody directly told me that, I'm not sure. I couldn't answer." Finally, he was asked whether, after the mishandling of the exculpatory evidence in this case led to dismissal of the charges, anyone above him in the chain of command asked him to explain how this could have happened. He answered, "It's a difficult question to answer because I'm sure I discussed the case with my supervisor after that date, but was the discussion specific to what you just said? I can't answer. I don't know." Construed in a manner most favorable to plaintiff's claim

4

against the City, these excerpts would permit a jury to infer that the training and supervision provided to Officer DePietro with regard to the proper handling of exculpatory information was deficient.

In vacating a prior grant of summary judgment in favor of the City, the Court of Appeals noted that no findings had been made concerning (1) the City's policies with regard to (a) the police department's handling of exculpatory evidence or (b) local implementation of Conn. Gen. Stat. § 54-86c(c), which requires state police officers to disclose exculpatory evidence to prosecutors, and (2) application of these policies by either the police department or the individual defendants. Neither party has offered evidence to permit reliable findings with regard to any of the matters enumerated by the Court of Appeals. The lack of a clear record with regard to these matters bolsters the conclusion that summary judgment should not be granted.

Accordingly, the motion for summary judgment is hereby denied.

So ordered this 20th day of May 2008.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge